KEEFE v. WORCESTER TRUST CO.

In re RUSSELL FALLS CO.

(Circuit Court of Appeals, First Circuit. October 22, 1918. On Petition for Rehearing, November 27, 1918.)

No. 1361.

1. BANKRUPTCY ⊙⟲205—TRUSTEE—RIGHTS OF.
    Though the trustee in bankruptcy of a mortgagor be conceded to have the rights of an attaching creditor, and not mortgagor, in property of bankrupt, he would not have any greater rights than mortgagor to fixtures annexed to mortgaged property prior to bankruptcy.

⊙⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. APPEAL AND ERROR ⟨⟩501(3)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—ASSIGNMENTS OF ERROR.

An assignment of error, based on an offer of proof therein set forth, presents nothing for review, where the record fails to disclose that it was excluded, or, if excluded, that an exception was taken thereto.

Appeal from the District Court of the United States for the District of Massachusetts; Jas. M. Morton, Jr., Judge.

In the matter of the bankruptcy of the Russell Falls Company. Certain property and the proceeds thereof were claimed by the Worcester Trust Company, which claim was opposed by Joseph P. Keefe, trustee. From a decree for claimant (249 Fed. 260), the trustee appeals. Affirmed.

Arthur T. Johnson, of Boston, Mass. (Joseph P. Keefe, of Boston, Mass., on the brief), for appellant.

Edmund K. Arnold, of Boston, Mass. (Peabody, Arnold, Batchelder & Luther, of Boston, Mass., on the brief), for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and ALDRICH, District Judge.

PER CURIAM. This case presents the question whether certain machines in a paper mill were so annexed to the realty and with such an intent as to become fixtures, so that they passed to the mortgagee of the realty.

The referee in dealing with the matter has classified the machines into groups. The first group consists of machines which both the referee and the District Court found the trust company, as mortgagee, was entitled to under its mortgage. The second group consists of what is called the second paper machine. This machine the referee awarded to the trustee in bankruptcy, but the District Court reversed the referee and awarded it to the Trust Company. 249 Fed. 260. The question involved, as to each group, is a mixed one of law and fact. The parties are practically in accord as to the law; the divergence is as to the weight to be given the evidence and the deductions to be made therefrom. The case was very fully presented and carefully considered in the court below, and, after a re-examination of the evidence and a consideration of the arguments of counsel, we are of the opinion that the findings and rulings of the District Court as to the annexation of both groups of machines to the realty were correct.

[1] If the trustee in bankruptcy, as he contends, has the rights of an attaching creditor and does not stand in the place of the mortgagor (the bankrupt), his rights did not accrue before bankruptcy, and, if prior to that event the machines had become annexed to the mortgaged realty, the rights of the trustee in the property would not be different, whether he stood as an attaching creditor or as the bankrupt. When the District Judge in his opinion said the case is one wholly between the mortgagor and the mortgagee, and that the trustee in bankruptcy stood in no better position than the mortgagor, he meant nothing more than that, in determining the question of intention with which the machinery was annexed to the realty,

the circumstances attending the ownership of the property at the time of the annexation could be taken into account, and that, as the property was then subject to a mortgage, it might be inferred from this fact that the mortgagor intended that the machinery should be permanently annexed rather than temporarily.

[2] The appellant takes nothing by his fifth assignment of error. If the offer of proof there set out was made, the record fails to disclose that it was excluded, or, if excluded, that an exception was taken thereto.

We think the question of fees, costs, and charges was rightly determined.

The decree of the District Court is affirmed, with costs to the appellee.

### On Petition for Rehearing.

PER CURIAM. The appellant's petition for rehearing is denied. If the record ought to be corrected to show that the appellant duly excepted to the exclusion of his offer of proof, and if the proof therein disclosed was competent and should have been received, we are still of the opinion that, taking it into consideration with the other evidence in the case, no other conclusion should be reached than the one arrived at in our opinion handed down October 22, 1918.

The petition for rehearing is denied.